IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:12-CR-054-L** |
| | § | |
| **JACQUES ROY, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Patricia Akamnonu's Motion to Revoke Magistrate's Detention Order and Request for a Hearing on the Same, filed March 27, 2012. Defendant Patricia Akamnonu ("Defendant" or "Akamnonu") argues that a proper application of the factors set forth in 18 U.S.C. § 3142(g) shows that she is entitled to pretrial release. Defendant requests a *de novo* detention hearing.

The role of the district court in reviewing detention orders is as follows: "When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (citations omitted). Subsection 3145(b) provides for prompt review of a detention order issued by a magistrate judge. 18 U.S.C. § 3145(b). It does not, however, require a *de novo* evidentiary hearing. *See United States v. Howard*, 2006 WL 3300462, at *3 (N.D. Tex. Oct. 19, 2006) ("[A]n independent *de novo* review by the Court under section 3145(b) does not require a *de novo* hearing. Accordingly, the Court's *de novo* review of the magistrate's detention order may be based on the evidence presented to the magistrate at the

detention hearing." (citations omitted)); *United States v. Kyle*, 49 F. Supp. 2d 526, 527 (W.D. Tex. 1999) ("The Court's review of the Magistrate Judge's detention order is governed by 18 U.S.C. § 3145(b). . . . "[W]hile the Court adheres to a plenary standard of review, such a standard does not mandate a completely new evidentiary hearing." (citations omitted)); *United States v. Baker*, 703 F. Supp. 34, 36 (N.D. Tex. 1989) ("[A] formal hearing is required under section 3142(c) and (f) before a 'judicial officer.' The defendant has had his formal hearing before the magistrate, and he points to no authority that he is entitled to another. Independent review by this court does not mean a *de novo* hearing." (citations omitted)).  Thus, a district court may undertake the review required under section 3145(b) by considering the evidence in the record before the magistrate judge and independently determining whether pretrial detention is warranted.

The court **denies** Defendant's request for a *de novo* detention hearing.  The court, as required by applicable law, is in the process of determining *de novo* the appropriateness of the magistrate judge's detention order.  If the court should later determine a hearing is necessary, it will promptly conduct one.

**It is so ordered** this 5th day of April, 2012.

Sam A. Lindsay
United States District Judge